Santos **HUERTAS–LABOY, et al., Plaintiffs,**

v.

**Dr. Luis RODRÍGUEZ–GONZÁLEZ, et al., Defendants.**

**Civ. No. 88–1963(PG).**

United States District Court,
D. Puerto Rico.

June 25, 1990.

Rafael A. Oliveras–López de Victoria, Hato Rey, P.R., for plaintiffs.

OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

In our system of laws, lawyers, like every other citizen, must learn to abide by the rules. Every so often, however, a case comes along where counsel, for whatever reasons, seems to depart from the salutary application of that principle, and in the process stretches the Court's forbearance to its outermost limits. This is just that rare case.

On December 5, 1988, the complaint in the above captioned case was filed by attorney Rafael A. Oliveras López de Victoria on behalf of all nine plaintiffs and against Dr. Luis Rodríguez González, his yet unknown wife, his yet unknown insurer, and the Administrator of the Fund for the Compensation of the Patient,[1] for acts which occurred during the month of September of 1987. Summons were issued on January 9, 1989. Eight months later, that is to say, on August 22, 1989, and still without summons having being served, this Court en-

---

1. The complaint was dismissed against co-defendant Patient's Compensation Fund Administration in view of the fact that at the time of the patient's death the Administration was legally inexistent, it having been abolished by Section 2 of the Act of December 30, 1986. *See* our Order of November 7, 1989, Dkt. # 5.

tered an Order wherein plaintiffs were given ten days in which to show "good cause" as to why the action should not be dismissed for failure to comply with Fed.R. Civ.P. 4(j). Curiously enough, on August 28, 1989, and conveniently ignoring the Court's Order to show "good cause," counsel filed with the Clerk of the Court proof of service which allegedly took place almost four months earlier, on May 9, 1989. It was not until December 26 of 1989 that counsel filed its "good cause" motion where, in a transparent attempt to mislead the Court, a "simple mathematical" calculation "revealed," according to counsel's view of the universe, that process had indeed been served in 118 days. In the meantime, a motion requesting the entry of default against defendants was filed, along with a motion requesting an amendment to the complaint to include the real name of Dr. Rodríguez González insurer,[2] and the Clerk of the Court set the trial date, as requested by the plaintiffs, for June 25, 1990. Five days before the date of a trial that was to be held in default for acts which have been history for three years, plaintiffs' counsel filed a motion for continuance alleging that the fact that he had just recently discovered the identity of the defendant's insurer so justified.

We begin with the undeniable: "[c]ourts cannot function if litigants may, with impunity, disobey lawful orders." *HMG Property Investors v. Parque Indus. Río Cañas,* 847 F.2d 908, 916 (1st Cir.1988). In the case at bar, while Fed.R.Civ.P. 4(j) requires that the instant action be dismissed without prejudice, the contumacious nature of plaintiffs' counsel's conduct leaves us no alternative but to exercise our inherent powers and order this suit to be dismissed, never to be filed again. We explain briefly.

Under Fed.R.Civ.P. 4(j), "[i]f a service of the summons and complaint is not made upon a defendant within 120 days after *the filing of the complaint* and the party on whose behalf such service was required cannot show 'good cause' why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice ..." (emphasis supplied), *see also Jardines Bacata, LTD. v. Díaz–Marquez,* 878 F.2d 1555, 1558 (1st Cir. 1989). In the instant case, the complaint was filed on December 5, 1988. The "120 days" had elapsed by April 4, 1990. More than four months later, on August 22, 1989, and unquestionably giving the plaintiffs more than the process that was due, this Court called this fact to the attention of the plaintiffs and granted them ten additional days in which to show the existence of good cause as that term is used in Fed.R.Civ.P. 4(j). Plaintiffs' counsel, rather than complying with the terms of the Court's Order, elected to file proof of service six days later alleging that service had in fact been served by May 9 of 1989 and thereby raising serious doubts in this Court's mind about the truthfulness of counsel's dealings with the Court. Four months later, a motion which we must presume intended to comply with the Court's Order to show "good cause" was filed, but counsel, rather than arguing the existence of conditions which might have amounted to "good cause" for failure to serve process within the required 120 days, presents a feeble attempt to have us disbelieve what was apparent to everyone but the least gifted, to wit, that process had in fact not been served within the prescribed period of time. Lest this mistake be made again, may we remind counsel that the period for the service of process is to be counted, not from the date he receives the summons in his office as he incorrectly but conveniently argues in his motion, but, as Fed.R.Civ.P. 4(j) makes painfully clear, from the date of the filing of the complaint. And, in the interest of thoroughness, we add that, even if process was actually served on May 9, 1989, Fed.R.Civ.P. 4(g) requires that the

2. The motion informed the Court that during the proceedings that were taking place in a related case in the Superior Court of Puerto Rico, counsel for defendant Dr. Rodríguez–González informed counsel for the plaintiffs that its insurer was Corporación Insular de Seguros, Inc. Attorney Oliveras López de Victoria apparently was not made privy to the identity of Dr. Rodríguez–González wife as, on the eve of trial the action was still proceeding against a Mrs. Jane Doe.

"person serving process shall make proof of service thereof to the court promptly and in any event during the time which the person served must respond to the process." Four months after the fact is no doubt beyond the time that the persons served were to respond to the process and clearly fails to conform to the requirement that it be promptly done.

The sanction embodied in Fed.R.Civ.P. 4(j), however, does not suffice to correct the misconduct the Court has had to endure in the instant case. "It has long been the rule that federal courts possess plenary authority to 'manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). Though a federal court may dismiss claims *sua sponte* for proper cause, *id.* at 630–631, 82 S.Ct. at 1389, that power has been augmented. Fed.R.Civ.P. 41(b) is an embodiment of the precepts which undergird *Link*." *HMG Property Investors v. Parque Indus. Río Cañas*, 847 F.2d at 916. In the case at bar, not only was our Order of November 7, 1989, trivialized and read to mean whatever the plaintiffs wanted it to mean, but, when it was finally complied with, counsel deliberately tried to mislead the Court by playing with the filing dates. Moreover, we even have serious doubts as to the legitimacy of the papers that were filed on August 28, 1989, since we find it hard to believe that a lawyer who knows he has to file proof of service promptly before the Court would wait a total of four months with those papers in his possession and thereby risk dismissal under Fed.R.Civ.P. 4(j). Though we stop short of suggesting it, this conduct could amount to fraud on the court, which has been defined by the First Circuit as occurring when "it can be demonstrated, clear and convincingly, that a party has set in motion some unconscionable scheme to interfere with the judicial system's ability to impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir.1989). The Federal Rules of Civil Procedure and the Local Rules of the Court have been disregarded, no efforts have been made to inquire about the real identity of defendant's wife, no discovery appears to have taken place, and the effect of the limitations period on their claim is debatable. What is more, even were we to take plaintiffs' allegations regarding the serving of process at face value, a quick review of the record shows that, our Order of November 7 notwithstanding, summons were actually served on a non-existent party (Mrs. Aida Igartúa, Administrator of the Fund for the Compensation of the Patient, *see* footnote 1), and to a person by the last name of Ortiz Alvarez who is not named as a defendant and whose relationship to the named defendants we do not know. Dr. Luis A. Rodríguez González was never actually served, so the Court has never acquired jurisdiction over him. Finally, the eleventh-hour filing of a motion to continue the trial is not only patently unmeritorious but is also yet another indication of the contumacious nature of plaintiffs' conduct throughout this litigation.

We realized the result we reach today is a harsh one. However, it seems to us counsel in the instant case has not come upon full realization of the seriousness of the responsibilities he assumed when he elected to represent plaintiffs in the federal court. We are, after all, the ones called to make sure that our rules are observed. And, we want the message to get across, loud and clear.

WHEREFORE, for the above stated reasons, the instant case is hereby DISMISSED, with prejudice.

IT IS SO ORDERED.